```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**GUY PRESTON HALE, JR.,**

    **Movant,**

**v.**                                    **Case No. 2:07-cv-00460**
                                                          **Case No. 2:02-cr-00172**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On July 26, 2007, Movant, Guy Preston Hale, Jr. (hereinafter "Defendant"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 100). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the motion and all related materials shall be examined promptly, and if it plainly appears from the face of the motion that the movant is not entitled to relief, the court shall order its summary dismissal and cause the movant to be notified.

## PROCEDURAL HISTORY

On August 13, 2002, Defendant was indicted by a federal grand jury on one count of distribution of cocaine base, and one count of possession with intent to distribute cocaine base, in violation of

21 U.S.C. § 841(a)(1) (Counts One and Two), and one count of using and carrying two firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). (# 12).

On April 17, 2003, Defendant pled guilty to Counts Two and Three (## 55 and 56). On September 9, 2003, Defendant was sentenced to an 87 month term of imprisonment on Count Two, to be followed by a 60 month term on Count Three, followed by a five year term of supervised release. (Judgment in a Criminal Case, # 62.) Defendant was also ordered to pay a $200 special assessment.

On September 23, 2004, after the Supreme Court decided Blakely v. Washington, 542 U.S. 296 (2004), but before it decided United States v. Booker, 543 U.S. 220 (2005), Defendant filed a Motion to Vacate, Set Aside or Correct Sentence (# 70), (Hale v. United States, Case No. 2:04-cv-01037), asserting that he had been sentenced in error. On September 7, 2005, the undersigned submitted Proposed Findings and Recommendation, that Defendant was not entitled to relief and his Motion should be denied. On June 26, 2006, over Defendant's objection, the presiding District Judge adopted the undersigned's findings and denied Defendant's section 2255 motion (## 84 and 85).

Defendant's appeal of the denial of his § 2255 Motion was dismissed. United States v. Hale, No. 06-7533, 223 Fed. Appx. 205 (4th Cir. April 3, 2007).

On July 26, 2007, Defendant filed the instant § 2255 Motion, in which he asserts the following grounds for relief:

> A. Ground one: Ineffective assistance of counsel, pretrial and on my original 2255. Denial of right of appeal. Mr. Schles told me there would be no relevant conduct enhancement, that he took care of it and withdrew the objection. When sentenced, I was enhanced and I asked him to file a direct appeal. He said, "no, that would be frivolous." Mr. Gillooly failed to amend my original 2255 which I mentioned this issue and others and the court allowed him to withdraw as counsel.
>  Mr. Schles also allowed me [to] meet with government agents without his presence, not insuring my cooperation getting due credit. He also remained silent when Mr. Wright mislead the judge about my cooperation. Knowing full well that I had also attempted to help with the fugitive Marlon Dixon also. Being ignorant of the law, I relied on this man for counsel and trusted him with my freedom and he done nothing.
>
> B. Ground two: The plea was not knowingly and voluntary. The guidelines called for Level 22 and the drugs and a consecutive 60 months for the gun charge. I would have never plead guilty again if I thought that the enhancement hadn't been taken care of.
>
> C. Ground three: I believe the government acted in bad faith. The government and agents on their behalf asked for my help catching a fugitive, Anthony Lamont Honeycutt. AUSA Phillip Wright purposely mislead the sentencing judge at sentencing, saying that I only gave historical information in my cooperation, while I was still cooperating with Brad Sellers of the U.S. Marshals. My baby's mother, Dewanna Brown, even helped, calling the fugitive after I was in prison. After they caught him, the government denied me a motion because they didn't indict him. U.S. Marshal Brad Sellers said I deserved a reduction, because Ms. Brown, myself and my family were put in danger. I was moved from two Federal facilities because of this cooperation and still received no credit. Ms. Brown even wore a wire and taped phone conversation related to drug dealing with a WV/Detroit drug dealer named Jeremy Parsons, but because he became an informant, no prosecution and no credit for me. She did this on my behalf also. Mr. Honeycutt was later indicted, after he was used as an informant for two years and I still

receive no credit. For the rest of my life I must look over my shoulder and the government just continues to deny me a motion. My safety is endangered and the government acknowledges that much by writing letters to help get me moved, but will not acknowledge my cooperation to the court. This is because in 1999 I filed a formal complaint against the Street Crimes Unit, mainly A.C. Napier who was the partner of the arresting officer in this criminal case in 2002. After my arrest, he told my parents, "I told you I would get him." It was clearly a personal vendetta which Mr. McGhee notified the prosecutor but not the court.

D. Ground four: Actual innocence. I did carry a firearm but not for the furtherance of a drug crime. I told my lawyers this but all just want you to plea and cooperate. Also I never gave any statement to the police concerning my conduct. The relevant conduct used to enhance me, I am innocent, I did not make that statement. I also told every attorney this.

E. Ground five: It is no longer permissable in the 4th Circuit to simply attribute anything not admitted nor denied by a defendant on the PSI.  57 months were magically attributed [to] me without a shred of fact finding by my judge or a substance test to confirm.  No statement was made under oath and Mr. Spoor told my lawyer Mr. Hively that he felt the statement by the cops was a little ambiguous because on[e](?) claimed cocaine powder, the other cocaine base, in the discovery. I told him I never said anything to the police concerning previous conduct. Is it reasonable to enhance me to 20x the amount I was caught with, without evidence?

F. Ground six: Under <u>Apprendi [v. New Jersey</u>, 530 U.S. 466 (2002)], my enhancement was unconstitutional. Facts found by a P.O. were used to elevate my sentence.

(# 100).

## **<u>ANALYSIS</u>**

This is Defendant's second section 2255 motion. His first motion was denied on the merits on June 26, 2006, and his attempt to appeal that decision was dismissed. Title 28, United States

4

Code, Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Similarly, Rule 9 of the Rules Governing Section 2255 Motions states, "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." Paragraph 8 of § 2255 requires a second or successive motion to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255 motion (# 100).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2255 Proceedings, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Guy Preston Hale, Jr., and to counsel of record.

|  |  |
|---|---|
| September 19, 2007<br>Date | Mary E. Stanley<br>United States Magistrate Judge |